We'll hear argument now in the case of United States v. Navarrete. Ms. Ramon. Good morning, Your Honors. You may please the court. Counsel. My name is Colleen Ramay, and I am here on behalf of Mr. Miguel Navarrete. In the most important affairs of life, people approach each other in person. Television is no substitute for direct personal contact. The Fifth Circuit recognized— Counsel, is there anything to this appeal after Hernandez? Yes, Your Honor. In Hernandez's case, the defendant had—he had consented affirmatively to appearing via video. And this case is distinguishable because there was no consent. The issue of how to apply— In Hernandez, that was—the argument was simply reversible error. No one really argued how to apply a plain error analysis. It was litigated before Coffin came out, and the arguments were substantially similar to the arguments in Coffin. And so the court—if we're going to jump straight to plain error review, we propose that this court adopt a similar test as the Supreme Court has used— or a similar approach as the Supreme Court has used in Molina-Martinez, given the rights at issue here and the functioning of in-person appearance and how important it is to the sentencing process. Under Molina-Martinez, it recognized that dynamics of federal sentencing are such that in the typical case, a defendant will be unable to provide any evidence that the sentence would have been different if it had been imposed under the correct guidelines or in consideration of the correct guidelines. And we submit that that is akin to in-person presence. It is—the default assumption should be one of prejudice, where a defendant has not consented to waive the right to be in person, and that might be able to be overcome in the appropriate case, as I mentioned in the briefing. You know, one might consider a case where the defendant receives an agreed-upon sentence under a C agreement or where the defendant receives the statutory mandatory minimum sentence, just as an example, where, you know, you could argue that it would be reasonable to say that the court couldn't conceive of a way that the defendant would have been prejudiced by appearing via video. However, courts have for decades recognized the inadequacy of video as a substitute for in-person presence at sentencing, and the importance of that—now, defendants can consent. Of course, they can consent under the CARES Act following the procedures of the CARES Act, but in that case, it's undisputed—I'm sorry, in this case, it's undisputed that that did not happen. And this court should reverse and remand for resentencing in person to give Mr. Navarette the benefit of— Because the defendant didn't consent to waive this right. That's exactly what the court assumed in Hernandez. And it said, still, there wasn't any bad consequence. What you want us to assume is that just not being there in person is enough of a bad consequence. But if that were true, it seems to me Hernandez would have come out the other way. Your Honor, I don't—I was the lawyer who litigated Hernandez. And I thought Hernandez did consent. It was the third prong that was missing. Correct. It was Hollins where the defendant did not consent. The fourth prong was missing, as here. Correct. And, well, so I have not found a case where the court, any court, has found that there was not actual consent by the defendant. Now, Howell is the closest case— Howell, not Hollins. Yeah, sorry, Your Honor. Howell is the closest case to this where—and in Howell, the court recognized that in-person interaction, you know, all the benefits of in-person interaction, and then said explicitly that the issue of consent is not subject to the forfeiture and waiver analysis. That was not at issue in Hernandez. So we have Howell that came out this year and Hernandez that came out this year. They're dealing with two different prongs of the analysis. And Howell is dealing with this prong and says that a felony defendant cannot agree to be sentenced by video teleconference unless Section 15002B of the CARES Act is satisfied. So we need not consider whether the defendant waived or forfeited this claim that the court erred by not obtaining appropriate consent for video sentencing. That is the closest case to what we have here. Now, in Howell, the court addressed the claim on de novo review, did a full analysis, and determined that there was implied consent. In this case, the government hasn't even argued that there is a case for implied consent, and there is not a record that would support that finding to the contrary of Howell. And so under Howell, which has not been explicitly overruled by this court, we believe that Howell governs and should control the outcome of the case. Just for me, just so I get your argument right, you concede that the issue is forfeited. So you concede it's under plain error review. But you argue that we should look at the substantial justice prong of plain error review differently in this case than we do in other cases because Mr. Navarette did not consent? No, Your Honor. So our first argument is that this is not waivable. Consent is not waivable, as Howell announced. Okay, forgive me. So that's our primary argument. Let's talk about forfeiture. Or forfeiture. I mean, Howell explicitly says we need not consider whether the defendant waived or forfeited this claim. Right, but I got that. But not considering whether they did one or the other is not the same as saying waiver or forfeiture doesn't apply. So we just read it differently. Let's just assume we read it differently. In Coffin and Hernandez, we clearly say the normal rules of waiver and forfeiture apply. Of course. Right? So our initial argument is that the court never invoked the CARES Act, never referenced it in relation to sentencing. So Rule 43 really governs this case, and that is ought to be, I mean, the rule is clear. The laws are clear there, right? So in the alternative governed by the CARES Act, if we're looking at the CARES Act, which I think it's reasonable to assume that the court was at least implicitly operating under the CARES Act. Now, Howell suggests that this is not consent, the issue of consent is not waivable still. You still have to consent. Now, if we're going to go to plain error, which is how the court has been looking at other alleged violations of the CARES Act, then we propose that because the issue of in-person presence is so vital to a judge's, and it's so unquantifiable that the burden that the government is trying to place on a defendant to show some affirmative evidence that if he had been there in person, he would have received some different sentence, is an untenable burden. No one is ever going to be able to show that. Well, we come back to my problem with your argument. If we were to adopt that as a rule, basically saying this is structural error, we would have to overrule Howell and Hernandez, both of which affirmed the conviction and sentence. Well, Howell found that there was consent, and Hernandez also, there was consent in Hernandez. They found there was no plain error and no prejudice. And your argument is you can never affirm a conviction where there was a video hearing by finding no prejudice. No. I mean, my argument is that the court needs to have full consent, the informed consent of the defendant. Yes, that's an error. We all agree. Right. But finding an error doesn't entitle one to reversal on plain error review. There are three other steps and then a discretionary act. And your argument seems to be forget about the other steps. Once you find an error, you should reverse. And I don't see how we can forget about the other steps consistent with both the rules and the case law. That's my problem. Howell never went to plain error or a waiver. The way I read Howell is the court in Howell said that this is not subject to plain error or waiver arguments. Consent is not subject to that review. Let me ask this question a different way. Are there other circuits that have taken the view that holding a video hearing without consent is structural error, reversible without proof of prejudice? Your Honor, I have not found any other cases where there was no actual consent. So I have not found any cases either one way coming out one way or the other. And just to clarify, I don't necessarily say it's, I mean, structural error is per se reversible. Our argument is that the court should adapt a position that it creates a presumption of prejudice that is rebuttable. So there is a distinction between a presumption of prejudice and then per se reversible error. Thank you, Your Honor. Certainly, counsel. Ms. Tableson. May it please the court, Rebecca Tableson on behalf of the United States. As this court has held, quote, CARES Act errors are subject to the ordinary rules of waiver and forfeiture. That's Hernandez. Mr. Navarrete, Navarrete, excuse me, has identified two procedural CARES Act errors at his sentencing. But he has not attempted to satisfy the ordinary rules of waiver or forfeiture. And that is because he cannot. The plain error test that Rule 52B requires places the burden on the defendant to show that an error affected the outcome of his case and affected the fairness, integrity, or public reputation of judicial proceedings. How would, I understand your position that Mr. Navarrete can't show that, that fourth prong of plain error. How would a defendant show that, any other defendant? I think in this case we're talking about the third and fourth prongs, Judge Jackson. And so I think the third prong would be shown by showing a reasonable probability that had the CARES Act procedures been followed, he would have proceeded to an in-person sentencing. And then the fourth prong would be satisfied by showing a reasonable probability that the results could have differed had his sentencing been in person as contrasted with the video. So, for example, if witnesses were called at a sentencing and the defendant was unable to confront them in person and there was some concern about credibility. Or if technological issues had interfered with the defendant's ability to persuasively allocate to the sentencing judge during the sentencing. Those would all be facts that could support a finding under the fourth prong. And under the, going back to the third prong as well, if the defendant could say, which my friend Ms. Ramay honestly and straightforwardly does not say here. If the defendant could say, Your Honor, I didn't actually want to be sentenced by video. I wasn't comfortable going by video. And if I had been asked, I would have said no. Then that could go to a showing under the third prong. And that type of analysis is precisely the type of analysis that the Supreme Court recently explained is required under the third and fourth prongs of plain error review. That's in Greer versus United States. But instead of applying plain error review here, Mr. Navarette asks for a special rule exempting his claims from the normal operation of Rule 52B. Neither this circuit nor any other has adopted such a rule. Let me address Howell quickly. Howell does not say that the consent requirement of Section 15,002B should be treated differently from the other three procedural requirements that are required to conduct a video sentencing under the CARES Act. Instead, Howell just has one sentence that says, A felony defendant cannot agree to be sentenced by videoconference unless Section 15,002B, which is all four requirements, is satisfied. So we need not consider whether he forfeited or waived this issue. So that language is not at all specific to the consent requirement. And as I think my friend agrees, it is also dicta in that case, because the court ultimately found all the requirements met. I don't think read fairly that sentence of Howell can possibly be correct. Taking a step back, if the CARES Act requirements are not subject to any type of waiver or forfeiture, I don't understand what theoretical basis that could come from. Even a structural error is subject to waiver and forfeiture. If an error is structural, what that means is if it is preserved, it is not subject to harmlessness review on appeal. But a structural error can be forfeited. If so, the plain error test applies. It is an open question whether the third prong of plain error is automatically satisfied by a structural error. The Supreme Court and this court have sort of assumed that away. But it is a closed question that the fourth prong of plain error review fully applies to a forfeited structural error. And then as to waiver, a structural error can 100% be waived. And so the notion that the four requirements of Section 15,002B of the CARES Act would not be subject to any waiver or forfeiture is foreign to the federal rules of criminal procedure and also foreign to the doctrine of structural error. The idea that we would carve out an exception here to Rule 52B just sort of flies in the face of the Supreme Court precedent that has, quote, repeatedly cautioned against ignoring Rule 52B or creating, quote, out of whole cloth exceptions to it. I'll address Molina-Martinez, the alternative argument that my friend has presented briefly. My friend's alternative argument is that even if plain error applies, we should sort of find a presumption of the third prong being satisfied akin to what the Supreme Court did in Molina-Martinez. Molina-Martinez was based heavily on the fact that a correct guidelines range serves as the anchor for every federal sentencing proceeding and, in fact, cited extensive data about how the federal courts uniformly do follow the federal guidelines. And based on that extensive evidence, Molina-Martinez simply rejected a categorical rule under which a defendant must always show more than an incorrect guidelines calculation to satisfy the third prong. And so a simple read of Molina-Martinez indicates that its logic simply does not apply here where we're talking about an ephemeral effect at best that might result from a defendant being sentenced by a video rather than in person. Well, I don't know if it's fair to say an ephemeral effect because otherwise we wouldn't have Rule 43 to begin with and all the case law that follows that's saying it's really important that defendants be important in person. So I don't think we can waive that away. I think the question is whether you can apply plain error to this scenario. That's different from going so far as to say it's not important that people be in person. Certainly, Your Honor. And I apologize if I suggested I don't mean to say it's not important to be in person. It absolutely is. I do think, though, that if you read this sentencing transcript, what you see is a case where it really there's no plausible argument that it made a difference. There was no factual disputes, no legal disputes, no witnesses. There were written sentencing materials all submitted in advance and reviewed. There's no dispute that the sentence was procedurally and substantively reasonable. It was a below-guideline sentence well explained by the defendant's long criminal history. And so it's simply it's very hard to look at that transcript and imagine how it would or could have been different in person. To be sure, Your Honors, the CARES Act should have been followed here, and the fault is in part with the government. Happily, though, this is not a case where the failure to make the proper CARES Act a record affected the defendant's rights. And under Rule 52B, the courts of appeals do not vacate final judgments and remand for ultimately pointless do-overs to correct forfeited errors that made no discernible difference. And so if there are no further questions, we respectfully ask for you to affirm the judgment below. Thank you, Your Honors. Thank you very much. Ms. Ramey, the court appreciates your willingness to accept the appointment in this case and your assistance to the bench as well as to your client. The case is taken under advisement.